# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JEFF FUNK,

    Petitioner,

v.                                        CASE NO: 8:07-CV-2329-T-30EAJ

FLORIDA PAROLE COMMISSION and
ATTORNEY GENERAL, STATE OF
FLORIDA,

    Respondents.
_____/

## ORDER

Petitioner Jeff Funk (hereinafter "Petitioner" or "Funk"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #9) and Petitioner's reply (Dkt. #10). Because Petitioner has failed to show an unreasonable application of federal law, the Court determines that the petition should be denied.

## BACKGROUND

Funk challenges the revocation of his parole supervision. Funk was convicted of trespass, robbery with a deadly weapon, and aggravated battery on September 22, 1977, and sentenced to twenty years in state prison with a three year minimum mandatory. On the same day, September 22, 1977, Funk was also convicted of escape and aggravated assault and escape, and was sentenced to fifteen years in state prison to run concurrently with the

previously mentioned sentences.

On May 10, 1979, Funk was again convicted of escape and sentenced to one year in state prison to run concurrently with the above mentioned sentences. In July of 1979, Funk was convicted of two counts of possession of a firearm by a felon, possession of an illegal weapon, resisting an officer with violence, and robbery with a deadly weapon. He received a life sentence for the robbery with a deadly weapon conviction.

On March 1, 1989, Funk was convicted of another escape charge and sentenced to nine years in state prison to run concurrently with his other sentences.

On September 23, 2005, Funk was paroled subject to conditions for life. He was first released to a federal detainer then released to supervision on December 6, 2005. For the first six months, he was to participate in the Community Control Program and, pursuant to special condition #3, was to remain confined to his approved residence except for one half hour before and after his approved employment work hours, public service work, or any other special activities approved by his Community Control Officer.

Just two months later, on February 16, 2006, at approximately 11:00 p.m., Funk's probation officer saw him driving down the street. He was scheduled to be at work until midnight that day but had called in sick. The probation officer visited both Funk's place of residence and his place of employment that night, and Funk could not be found at either location.

The next morning, on February 17, 2006, at 8:40 a.m., the probation officer again checked Funk's residence and Funk was not there. Funk contacted his parole officer later

that day and admitted that he had been driving around and that he knew he was not abiding by his conditions.

The parole officer filed a violation of parole report alleging two violations:

(1) That Funk failed to remain confined to his approved residence except for one half hour before and after his approved employment work hours in that, on February 16, 2006, at approximately 11:00 p.m., he was away from his approved residence without the permission of the Community Control Officer; and

(2) Violation of the same provision at 8:40 a.m. the next morning, February 17, 2006.

Funk was given written notice of these alleged violations, and a copy of the report disclosing the evidence against him. He was also given notice of a revocation hearing to be held on May 11, 2006. Funk appeared at the revocation hearing and pled guilty to the two charges. In spite of his guilty plea, he called witnesses and presented his own testimony by submitting a letter. The hearing officer prepared a written report summarizing the testimony and stating in pertinent part:

> FINDINGS AND EVIDENCE RELIED UPON:
>
> **1st Allegation**: Guilty of violation of Community Control Order 3, which states, "He will remain confined to his approved residence except for one-half hour before and after his approved employment work hours, public service work, or any other special activities approved by his community control officer, in that, on February 16, 2006, at approximately 11:00 pm, you were away from your approved residence without the permission of your community control officer, based upon his admission of guilt.
>
> **2nd Allegation**: Guilty of violation of Community Control Order 3, which states, "He will remain confined to his approved residence except for one-half hour before and after his approved employment work hours, public service work, or any other special activities approved by his community control

officer, in that, on February 17, 2006, at approximately 8:40 am, you were away from your approved residence without permission of your community control officer, based upon his admission of guilt.

RECOMMENDATION: Funk is guilty of violating parole based upon his admission of guilt. It is recommended that he be restored to supervision, placed on electronic monitoring and resume his participation at the Polk Bridges of America Post Release Transitional Housing Program.

The hearing officer summarized the testimony of various witnesses, but made no findings of fact other than his finding Funk guilty. In spite of finding him guilty, the hearing officer recommended that Funk be restored to supervision with electronic monitoring.

The Florida Parole Commission held a hearing on June 14, 2006, and reviewed the report and recommendation of the hearing officer. The Florida Parole Commission accepted the finding of guilt as to each charge, but disagreed with the recommendation and revoked Funk's parole. It ordered that Funk be returned to the custody of the superintendent of the state prison because that was "in the best interests of society and the parolee."

On August 31, 2006, Funk filed an Emergency Petition for Writ of Habeas Corpus requesting the state court to set aside the revocation and order his restoration to supervision. The state court denied the petition on November 13, 2006. Rehearing was denied on November 27, 2006.

On December 15, 2006, Funk filed a petition for Writ of Certiorari in the appellate court. This petition was denied on the merits, *per curiam*, on June 4, 2007.

The instant petition was timely filed with this Court on December 21, 2007.

## SECTION 2254 THRESHOLD

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000). Additionally, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was "objectively unreasonable." Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001).

In a proceeding under the second standard (an unreasonable determination of the facts), a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994).

## **DISCUSSION**

Funk raises three grounds for relief all dealing with whether the Parole Commission afforded him due process in revoking his parole. As explained above, this Court is limited in its habeas review to determine whether the state decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. §2254(d).

**Ground One:** **Respondent failed to follow the mandates governing parole revocation proceedings.**

Because of prison crowding, some prisoners in Florida are released into the community before their prison term expires. That release is conditioned upon the releasee adhering to specified conditions. The state of Florida is given wide latitude to determine which prisoners should be afforded early release, the conditions placed upon such release, and the determination of when those conditions have been violated. Federal law only requires that once released, a releasee be afforded certain minimal proceedings to satisfy the due process requirements of the federal Constitution. Those minimal proceedings were set forth by the U. S. Supreme Court in <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972), to be as follows:

    (A)    written notice of the claimed violations of parole;

    (B)    disclosure to the parolee of evidence against him;

    (C)    opportunity to be heard in person and to present witnesses and documenting evidence;

(D) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);

(E) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and

(F) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole.

Morrissey, 408 U.S. at 489. Funk was afforded all of these specified proceedings.

At bottom, Funk contends that the Florida Parole Commission violated his federal rights by rejecting the recommendation of the hearing officer that his supervision be reinstated. The relationship between the Parole Commission and the hearing officer is a matter of state law. In Florida, the Parole Commission is required to give deference to a hearing officer's findings of fact when those findings are based on substantial evidence, but is not required to give deference to the hearing officer's recommendation. Dornau v. Fla. Parole and Probation Comm'n., 420 So. 2d 894 (Fla. 1st DCA 1982).

Funk cites Collins v. Hendrickson, 371 F. Supp. 2nd 1326 (Fla. M.D. 2005), in support of his position that the Parole Commission was required to follow the recommendation of the hearing officer. That reliance is misplaced. In Collins, the hearing officer had made a finding of not guilty based upon his findings of fact, which findings were supported by some, but not all, of the witnesses who testified. The Parole Commission, upon reviewing the summary of the testimony of the witnesses, rejected the testimony of the witnesses relied upon by the hearing officer, and substituted its own findings based upon the other witnesses.

Even though the hearing officer had found the releasee not guilty, the Parole Commission determined that the releasee was guilty and revoked his parole.

That is different from Funk's circumstance. The hearing officer found Funk <u>guilty</u> based upon his plea of guilty and set forth no other findings of fact. Since the Parole Commission is not bound by the recommendation of the hearing officer, it was free to revoke Funk's parole based on the finding of guilt. Such does not violate federal law.

**<u>Ground Two:</u>** **Due process requirements were usurped by the Florida Parole Commission.**

Petitioner's arguments in support of ground two seem to overlap his arguments concerning ground one. An additional complaint, though, is that his "technical violations" were insufficient to support the rejection of the recommendation of the hearing officer in revoking his parole. While this Court agrees that the punishment seems harsh for being absent from the approved residence without permission, particularly in light of the testimony from the other witnesses that Funk was otherwise in compliance with the conditions of his supervision, this Court cannot substitute its own judgment about punishment for that of the Florida Parole Commission.

Insofar as Funk complains that the Parole Commission did not set forth specific reasons for their decision, the Parole Commission did state the revocation was "in the best interests of society and the parolee." The Commission could have been more specific. But this issue is one of state law, not one of federal due process requirements. It is not lost on this Court, and was obviously apparent to the Parole Commission, that Funk violated the

conditions of his release barely two months after being placed on supervision. Given his past history, one could easily see why the Parole Commission might disagree with the hearing officer's recommendation and find reason to return Funk to confinement.

States are given great discretion in operating its prison systems, making decisions of early release, and those revoking that release. The sentencing of state prisoners and related matters are inherently issues of state law. As long as the minimum due process requirements of <u>Morrissey</u> are met, as they were here, federal constitutional requirements are met.

Therefore, ground two fails.

**Ground Three:** **The record is silent as to the willfulness determination of the violations.**

It is only state law that requires a violation of a condition of parole to be found willful. A failure to make a specific finding of willfulness would be harmless error in this case. Until now, Funk has never claimed that his violation was not willful. None of the testimony offered to the hearing officer suggested that the violations were not willful. It could hardly be said that his absence from his approved residence while he "drove around" was not willful.

Funk was afforded all of his federal rights of due process required by <u>Morrissey v. Brewer</u>. Therefore, ground three fails.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 18, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-2329.deny 2254.wpd*